# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2015-NMCA-014

Filing Date: October 29, 2014

Docket No. 33,171

KIM HOLLAND and KRQE NEWS 13,

       Petitioners-Appellants,

v.

CITY OF ALBUQUERQUE and Deputy
Police Chief ALLEN BANKS,

       Respondents-Appellees.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
C. Shannon Bacon, District Judge

Esquivel Law Firm, LLC
Martin R. Esquivel
Albuquerque, NM

for Appellants

David Tourek, City Attorney
Jeffrey Driggers, Assistant City Attorney
Gregory S. Wheeler, Managing Assistant City Attorney
Albuquerque, NM

for Appellees

## OPINION

**SUTIN, Judge.**

**{1}** Petitioners KRQE News 13 and its reporter Kim Holland appeal from an adverse summary judgment dismissing their claims against Respondents City of Albuquerque and Albuquerque Police Department (APD) Deputy Chief Allen Banks for penalties for violation of the New Mexico Inspection of Public Records Act (the IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2013). The claims arose from a request by Ms. Holland

1

for lapel videos relating to certain arrests. The issue is whether Ms. Holland's request was verbal, in which case penalties are unavailable under the Act, or written, in which case penalties are available. *See* § 14-2-8(A), (D). We hold that the request was verbal and that Respondents did not violate the Act, and we affirm the summary judgment.

## BACKGROUND

{2}     On July 10, 2012, Ms. Holland spoke to APD public information officer, Marie A. Martinez, on the telephone and requested lapel videos. Ms. Martinez emailed APD records custodian, Reynaldo L. Chavez, asking Mr. Chavez to treat the email as a request from Petitioners for the lapel videos. The lapel videos were not made available to Petitioners within the time required under the IPRA were the request to have been written. *See* § 14-2-8(D). It was not until August 16, 2012, when the City held a press conference with all local media outlets, that the City released the lapel videos. Petitioners sued Respondents for violation of the IPRA based on the time delay and that the delay was illegitimate in that "the request caught APD off guard and it was scrambling to keep the lapel videos from going to the public."

## DISCUSSION

{3}     The applicable section of the IPRA states:

> Any person wishing to inspect the public records may submit an oral or written request to the custodian. However, the procedures set forth in this section shall be in response to a written request. The failure to respond to an oral request shall not subject the custodian to any penalty.

Section 14-2-8(A). Petitioners contend that Ms. Martinez's email to Mr. Chavez turned the oral request made by Ms. Holland into a written request made by Ms. Holland. Petitioners also contend that Ms. Martinez was Ms. Holland's agent, thereby making the email that of Ms. Holland. We reject these contentions.

{4}     That Ms. Martinez then emailed the request to Mr. Chavez did not convert Ms. Holland's oral request into a written request made by Ms. Holland. Petitioners provide no authority supporting this argument. We see no reason to hold that an APD information officer's documenting an oral request, which would appear to be a good practice, should constitute transformation of an oral request into a written request for the purposes of the IPRA.

{5}     Ms. Martinez was not acting as an agent of Ms. Holland such that Ms. Martinez's email constituted a written request by Ms. Holland. There exists no evidence supporting such a legal relationship, and in addition to lack of evidence, Petitioners provide no authority that supports it. In particular, other than that the circumstances are obviously outside the scope of agency, there exists no evidence that Ms. Martinez consented to or acted in a

manner to create an agency relationship, nor is there any evidence that Ms. Holland agreed to or acted in any manner to create an agency relationship. *See Maes v. Audubon Indem. Ins. Grp.*, 2007-NMSC-046, ¶ 17, 142 N.M. 235, 164 P.3d 934 (stating that an agency relationship does not arise until the principal "manifests assent to [the agent] that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act" (internal quotation marks and citation omitted)); *Freeman v. Fairchild*, 2014-NMCA-___, ¶ 22, ___ P.3d ___ (No. 32,542, Sept. 10, 2014) (recognizing that the existence of an agency relationship is a question of fact that requires evidence that the principal manifested assent to the agent and the agent manifested assent or otherwise consented so to act). Ms. Martinez's request to Mr. Chavez that Ms. Holland's request be treated as an IPRA request on Ms. Holland's behalf constituted nothing more than documenting Ms. Holland's verbal request and bringing it to the attention of the proper IPRA person in the APD. *See* § 14-2-8(E).

**{6}**     We agree with Respondents' concern that to accept Petitioners' agency theory would mean that every oral request documented by the APD would automatically, upon documentation, constitute a written request emanating from the requester. We also agree with the concern that oral requests can be fraught with potential for misunderstanding and misinterpretation. Petitioners' reliance on *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, 150 N.M. 64, 257 P.3d 884, is of no assistance to Petitioners. In that case, the person who requested information was an attorney who was acting as the attorney, and therefore, the agent of his client, when the requester was the client who sought the information, using his attorney-agent to obtain it. *Id.* ¶¶ 1-7, 19, 43, 45. This is not the situation before us.

**CONCLUSION**

**{7}**     We affirm the district court's summary judgment granted in favor of Respondents.

**{8}     IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**